**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JARED FERRER-THUNA,<br><br>      Defendant. | 2:13-mj-00501-VCF-1<br><br>**O R D E R**<br><br>**(Motion To Modify Conditions of Release #11)** |

Before the court is defendant Jared Ferrer-Thuna's Motion to Modify Conditions of Release. (#11). The court held a hearing on August 5, 2013. (#12).

**Background**

Defendant Ferrer-Thuna made his initial appearance in a Rule 5 proceeding on July 15, 2013. (#1). The minute of proceedings provide that "the defendant is placed on a personal recognizance bond in the care of third party custodian, Jose Irizarry. Mr. Irizarry will transport the defendant forthwith to the District of Puerto Rico and, on arrival, immediately deliver the defendant to the custody of the U.S. Marshal. FURTHER ORDERED that the release of the defendant is STAYED allowing the government an opportunity to file an appeal of this order in the District of Puerto Rico." *Id.* The court scheduled a status check hearing for July 16, 2013. *Id.*

On July 16, 2013, the court held a status check hearing and heard arguments from counsel regarding detention. (#5). The court ordered defendant detained and that the Marshal "shall transport the defendant forthwith to the District of Puerto Rico." *Id.* The court scheduled a status check hearing for July 29, 2013, at 4:00 PM. *Id.* Also on July 16, 2013, the court signed an order of "Commitment to Another District." (#6). On July 22, 2013, the court issued a "Detention Order Pending Supervised Release Revocation Hearing." (#7). The court issued a minute order on July 25, 2013, holding that the

"[s]tatus check hearing currently set for 7/29/13 at 4:00 p.m. is VACATED and RESCHEDULED to 8/5/13 at 4:00 p.m. in Courtroom 3D." (#8).

On August 8, 2013, defendant Ferrer-Thuna filed the instant motion to modify conditions of release. (#11). The court conducted a status check hearing on August 5, 2013, and addressed the defendant's motion to modify conditions of release (#11). (#12).

**Motion to Modify Conditions of Release**

**A.   Arguments**

Defendant asserts in his motion that the court should modify the following findings in its July 22, 2013, order (#7):

(1) "After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial."

(2) "There is a serious risk that the defendant will not appear" and "There is a serious risk that the defendant will endanger the safety of another person or the community".

(3) "The Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community."

(4) "I find that testimony and information submitted at the detention hearing fails to establish by clear and convincing evidence that the defendant is not a risk of flight or a danger to the community."

(#11).

Defendant argues that these sentences "preempt the rights Defendant has to a hearing on the Government's revocation motion pursuant to 18 U.S.C. § 3148(b) and F. R. Cr. P. 32.1(b), exceed the scope of this Court's hearings on July 15, 2013 and July 16, 2013, and ultimately infringe on Defendant's due process rights." *Id.*

2

**B.     Relevant Law/Discussion**

      **1.     Decision to Detain Defendant Pending Revocation Hearing**

During the hearing, the court clarified that although the AO 472 form used by the court and titled "Detention Order Pending Supervised Release Revocation Hearing," states that the undersigned concludes "that these fact require that the defendant be detained pending trial" (#7), it was this court's intention to find that defendant be detained pending the supervised release revocation hearing to be conducted before a Judicial Officer in Puerto Rico.  (#12).  The defendant's request (#11) to amend this portion of the order (#7) is granted.  The detention order (#7) is hereby amended to read as follows: "After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending the <u>supervised release revocation hearing.</u>"

The court also clarified during the hearing that under Fed. R. Crim. P. 5(c)(3)(D), "[i]f the initial appearance occurs in a district other than where the offense was allegedly committed,...the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant..." *Id.*  The offense at issue allegedly occurred in Puerto Rico. (#2). The undersigned properly ordered defendant transferred to Puerto Rico in accordance with Fed. R. Crim. P. 5(c)(3)(D).  (#6).

Pursuant to the Federal Rules of Criminal Procedure and the Bail Reform Act, the undersigned is also required to hold a detention hearing and did so on July 15, 2013 (#1) and July 16, 2013 (#5). Pursuant to Rule 5(d)(3), when a defendant is charged with a felony, the judge "must detain or release the defendant as provided by statute or these rules." Fed. R. Crim. P. 5(d)(3).  The Bail Reform Act states that "[t]he judicial officer shall hold a hearing to determine whether any condition or combinations of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community..."   18 U.S.C. § 3142(f).  If, after the detention hearing, the judicial officer finds that "no condition or

3

1 combination of conditions will reasonably assure the appearance of the person as required and the
2 safety of any other person and the community, such judicial officer shall order the detention of the
3 person before trial." 18 U.S.C. § 3142(e).

4 Here, before detaining defendant, the undersigned (1) held a detention hearing (#5), (2)
5 concluded that defendant was a risk of non-appearance and a danger to the community (#7), and (3)
6 found that "no conditions or combination of conditions will reasonably assure the safety of other
7 persons or the community" (#7). The detention order specifically set forth the undersigned's reasoning
8 as follows: "The defendant faces a serious charge, conspiracy to commit mail and wire fraud. The
9 defendant had serious and continuing failures to report for drug testing, the positive drug tests that were
10 submitted and a total disrespect for Pretrial Services Supervision." (#7). The undersigned conducted
11 the detention hearing and detained defendant in accordance with the applicable rules, and the
12 defendant's request to amend the order (#7) with respect to sentences (2) and (3) above is denied.

13 The undersigned also clarified during the hearing that the reference in the detention order (#7)
14 to "testimony and information submitted at the detention hearing" in no way indicates that the
15 *revocation hearing* was held before the undersigned, rather the "testimony and information" presented
16 to and considered by the undersigned strictly pertains to this court's *detention determination* (under the
17 Bail Reform Act) pending the revocation hearing. The Judicial Officer in Puerto Rico will hold the
18 revocation hearing pursuant to 18 U.S.C. § 3148(b). (#12). Defendant's request (#11) to amend this
19 portion of the court's detention order (#7) is denied.

20         **2.**     **Due Process and Rule 32.1(b)**

21 The court discussed with defense counsel during the hearing the reference in defendant's motion
22 to Fed. R. Crim. P 32.1(b). (#12). The court stated that Fed. R. Crim. P. 32.1(b) is a rule pertaining
23 to post-conviction procedures and is not applicable. *Id.* Defense counsel stated that counsel
24 inadvertently failed to state in the motion (#11) that the rule was included as an analogy and not
25 intended to apply directly to these circumstances. *Id*.

26

4

1  With regard to defendant's argument that the undersigned's order (#7) violated his due process rights (#11), courts have held that the Bail Reform Act, which provides for the "defendant to appoint counsel, to testify, to present witnesses on his behalf, to cross-examine witnesses, and to present evidence by proffer," affords "adequate due process protections." *United States v. Moore*, 607 F. Supp. 489, 500 (N.D. Cal. 1985)(holding that "[t]he procedures set forth for detention hearings under the BRA allow defendant to appoint counsel, to testify, to present witnesses on his behalf, to cross-examine witnesses, and to present evidence by proffer. 18 U.S.C. § 3142(f). Congress modeled these procedures after those held by the *Edwards* court as affording defendants adequate due process protections.")(citing *United States v. Edwards*, 430 A.2d 1321, 1336-37 (D.C.App.1981) (en banc), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982) and (*Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975).

As the court followed the procedures provided for in the Bail Reform Act during the detention hearing, as discussed above, the court finds that defendant's due process rights were not violated and were adequately protected. *See Id;* (#5).

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Jared Ferrer-Thuna's Motion to Modify Conditions of Release (#11) is GRANTED in part and DENIED in part, as discussed above.

IT IS THEREFORE ORDERED that the detention order (#7) is hereby amended to read as follows: "After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending the supervised release revocation hearing."

DATED this 6th day of August, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**